IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES FLEMING, | : | Civil No. 1:21-CV-00385 |
| Petitioner, | : | |
| v. | : | |
| SCOTT FINLEY, et al., | : | |
| Respondents. | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Presently before the court is a report and recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson on April 27, 2021 (Doc. 10), which recommends denying the petition for writ of habeas corpus filed by Petitioner Scott Finley ("Petitioner") pursuant to 28 U.S.C. § 2241, and the Petitioner's objection thereto (Doc. 11). For the reasons set forth below, the Court will adopt the R&R in its entirety and overrule the Petitioner's objection.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Upon *de novo* review of the record, the court adopts the R&R's statement of facts and procedural history concerning this *pro se* habeas corpus petition. Petitioner, who is currently incarcerated at FCI Schuylkill, is serving a 120-month sentence imposed by the United States District Court for the District of Hawaii for conspiracy to distribute controlled substances. (Doc. 8-1, at 1, ¶ 3). Petitioner purportedly suffers from diabetes, hypertension, sleep apnea, hyperlipidemia, and severe obesity,

1

and previously tested positive for an asymptomatic case of COVID-19 on December 22, 2020. (Doc. 1, at 3). Although Petitioner has since recovered and received both doses of the Pfizer-BioNTech COVID-19 vaccine, he argues that his medical conditions continue to place him at increased risk of developing severe medical complications from COVID-19 should he become re-infected with the virus. (Doc. 1, at 3; Doc. 8-1, at 2, ¶¶ 9-12).

Petitioner filed a petition for writ of habeas corpus on March 2, 2021 and maintains that his continued detention at FCI Schuylkill violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 1). The basis of his federal habeas petition is that prison officials allegedly failed to implement proper COVID-19 protocols, which thereby subjected him to unsafe conditions and caused him and other inmates to contract the virus. As for relief, Petitioner seeks to either be released to home confinement, receive some form of "order of enlargement" regarding his custodial status, or have Respondents provide "medically adequate social distancing, [] healthcare, and sanitation" at FCI Schuylkill. (Doc. 1, 45-47).

On April 27, 2021, the Magistrate Judge issued a R&R that recommended denying the Petitioner's § 2241 petition on several grounds. Specifically, the R&R found that: (1) insofar as Petitioner sought to bring a putative class action on behalf of himself and other inmates at FCI Schuylkill, his *pro se* request for class

certification should be denied; (2) Petitioner had not satisfied the administrative exhaustion requirement for his COVID-19 related claims; (3) Petitioner's claims for relief under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") were not cognizable; and (4) that Petitioner's Eighth Amendment claim failed as a matter of law. (Doc. 10, at 2-4, 9-22). Petitioner filed an objection to the R&R on May 10, 2021, (Doc. 11), to which the Respondents responded on May 12, 2021 (Doc. 12). This matter is thus ripe for disposition.

## II.   LEGAL STANDARD

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D.

Pa. 2010) (citation omitted). Regardless of whether or not timely objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

### III. DISCUSSION

Upon review, it appears that Petitioner's only substantive objection is to the Magistrate Judge's finding that his Eighth Amendment claim fails as a matter of law. The Eighth Amendment guarantees a prisoner's right to be free from "cruel and unusual punishments" while in custody. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) (quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (quoting U.S. Const. amend. VIII)). "To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) the deprivation alleged must be, objectively, 'sufficiently serious,' and (2) the 'prison official must have a sufficiently culpable state of mind.'" *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As relevant here, the second element is met when an inmate shows that "prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights." *Id.* at 138 (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

Further, as the R&R correctly noted, the United States Court of Appeals for the Third Circuit has held that a habeas petitioner's "claim that unconstitutional conditions of confinement . . . require . . . release is cognizable in habeas." *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020). Such a challenge in a federal habeas action, however, is viable "*only in extreme cases.*" *Id.* at 324 (emphasis in original) (citations omitted). For example, despite the "unique concerns regarding the spread of the COVID-19 virus" in confined prison settings, *Rodriguez-Francisco v. White*, No. 1:20-CV-1076, 2020 WL 4260766, at *3 (M.D. Pa. July 24, 2020), courts within this circuit have found that the "inability to practice social distancing is not, in and of itself, sufficiently serious to implicate a violation of the Eighth Amendment." *Butcher v. Howard*, No. 1:20-CV-01994, 2021 WL 37994, at *5 (M.D. Pa. Jan. 5, 2021) (citing *Engelund v. Doll*, No. 4:20-cv-604, 2020 WL 1974389, at *9 (M.D. Pa. Apr. 4, 2020)).

Here, Petitioner contends that Respondents displayed deliberate indifference to his medical needs by failing to: reduce the inmate population at FCI Schuylkill; sufficiently disinfect prison facilities; and adequately respond to inmate complaints of the after-effects of COVID-19. (Doc. 11). Nonetheless, upon de novo review of the record, the Court agrees with the R&R's assessment that the BOP has taken several reasonable steps to curtail the effects of the pandemic at FCI Schuylkill. Such measures include regularly testing both inmates and staff, practicing quarantine and

5

isolation strategies, and providing inmates with vaccination opportunities. Further, while Petitioner's previous exposure to COVID-19 is indeed regrettable, the uncontradicted evidence submitted by Respondents shows that Petitioner was asymptomatic, did not have any documented complaints of symptoms or complications related to the virus, and cooperated with the prison's vaccination efforts. Simply stated, "[Petitioner] has not identified, let alone proven, any official conduct that exhibits deliberate indifference to the health or safety or prisoners during this unprecedented worldwide pandemic." *Rodriguez-Francisco*, 2020 WL 4260766, at \*5; *see also Wilkins v. Wolf*, No. 1:20-CV-2450, 2021 WL 2376678, at \*6 (M.D. Pa. June 10, 2021) (collecting cases). Accordingly, Petitioner's Eighth Amendment claim cannot succeed, and the Court will overrule his objection. The Court additionally finds that the R&R's remaining findings lack any clear error.

## IV. CONCLUSION

For the reasons set forth above, the Court shall overrule the Plaintiff's objection and adopt the R&R in its entirety. Accordingly, the Petitioner's request for class certification and petition for habeas relief will be denied and dismissed. An appropriate order shall follow.

/s/ *Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: August 25, 2021